UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

KEITH HAPANA CROW,                                    Civil File No. 08-1039 (PJS/FLN)

       Petitioner,

   v.                                                            **REPORT AND RECOMMENDATION**

MIKE HATCH,

       Respondent.

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's

application for habeas corpus relief under 28 U.S.C. § 2254.  (Docket No. 1.)  The case has

been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636

and Local Rule 72.1.  For the reasons discussed below, it is recommended that the petition

for writ of habeas corpus be SUMMARILY DISMISSED pursuant to Rule 4 of The Rules

Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In 2005, Petitioner was convicted in the state district court for Redwood County,

Minnesota, on charges of kidnaping and murder.  He was sentenced to life in prison, and

he is presently serving his sentence at penal facility in Connecticut.

Following his conviction, Petitioner filed a direct appeal that presented several

grounds for relief.  The Minnesota Supreme Court rejected all of Petitioner's claims on the

merits.  State v. Crow, 730 N.W.2d 272 (Minn. 2007).  Petitioner has not attempted to

challenge his conviction or sentence in any subsequent state court proceedings.  (Petition,

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached
exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss
the petition and direct the clerk to notify the petitioner."

[Docket No. 1], p. 2, ¶ 10.)

Petitioner's current habeas corpus petition, which was filed on April 11, 2008, lists four grounds for relief:

(1) Double Jeopardy;

(2) Denial of Due Process, (by the allegedly wrongful admission of certain expert witness testimony);

(3) Ineffective Assistance of Counsel; and

(4) Prosecutorial Misconduct.

(Petition, Attachments, B, C, D and E.)

The Court finds that none of Petitioner's current habeas corpus claims can be entertained at this time, because he has not exhausted his state court remedies with respect to some of the claims listed in his petition.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).  This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners.  O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

"Because the exhaustion doctrine is designed to give the state courts a full and fair

opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one <u>complete</u> round of the State's established appellate review process." <u>O'Sullivan</u>, 526 U.S. at 845 (emphasis added).  Therefore, to exhaust his state court remedies, a prisoner must fairly present his federal constitutional claims to the <u>highest available state court</u>, (in Minnesota, the State Supreme Court), before seeking relief in federal court.

Furthermore, a habeas petitioner must exhaust his state court remedies with respect to <u>all</u> of the claims that he wishes to raise in a federal habeas corpus petition.  A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion.  <u>Rose</u>, 455 U.S. at 510, 522.

In this case, it is readily apparent that at least one of Petitioner's current grounds for relief – namely the "ineffective assistance of counsel" claims listed as Ground Three – has not been fairly presented to, or addressed on the merits by, the Minnesota Supreme Court. Petitioner candidly acknowledges that he has never presented his ineffective assistance of counsel claims to any state court.  (Petition, Attachment F.)  Therefore, those claims are clearly unexhausted.[2]

---

[2] Petitioner has also indicated that his prosecutorial misconduct claims have not been previously presented to the Minnesota state courts.  (Petition, Attachment F.) However, the Court notes that at least one prosecutorial misconduct claim apparently was presented in Petitioner's direct appeal to the Minnesota Supreme Court.  <u>See</u> <u>Crow</u>, 720 N.W.2d at 282 ("Crow asserts the prosecutor 'made a point to say prison' in cross-examination about a prior conviction, but we found no such reference in our review of the record").  Based on the limited record before this Court at this time, it is impossible to know which, (if any), of Petitioner's current prosecutorial misconduct arguments were previously presented to the Minnesota Supreme Court and are therefore "exhausted" for federal habeas corpus purposes.  Of course, any prosecutorial misconduct claims that were

Petitioner seems to be contending that he should be excused from the exhaustion of state court remedies requirement, because prison authorities have impeded his access to the courts, by failing to provide him access to legal resources.  (Petition, Attachment F.) That argument is rejected.  Petitioner obviously has been able to present his claims for relief to this Court in his current federal habeas corpus petition, and he has failed to explain why he could not just as easily present those same claims to the state trial court in a state post-conviction motion.

Because the Minnesota Supreme Court has not yet ruled on Petitioner's ineffective assistance of counsel claims, his current application for habeas corpus relief is a mixed petition – i.e., a petition that includes at least one unexhausted claim.[3]  As previously noted, mixed habeas petitions cannot be entertained in federal court.  Rose, 455 U.S. at 510, 522. Therefore, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules.  It will be recommended, however, that the action be dismissed without prejudice, so that Petitioner can return to the state courts and attempt to exhaust his currently unexhausted claim.  Petitioner may seek federal habeas review again, (if necessary), after the state courts, including the Minnesota Supreme Court, have reviewed and decided all of the claims that he seeks to present in federal court.  See Kelly v. Trickey, 844 F.2d 557, 559 (8th Cir. 1988).[4]

---

not raised in Petitioner's direct appeal are also "unexhausted" for federal habeas purposes.

[3] As pointed out in n. 2, supra, any prosecutorial misconduct claims that have not yet been presented to the Minnesota Supreme Court are also unexhausted.

[4] It appears that Petitioner may have filed his current petition prematurely, based on a mistaken belief that the one-year statute of limitations for seeking federal habeas review will expire on April 19, 2008, (one year after the Minnesota Supreme Court decided

Finally, the Court recognizes that a state prisoner who files a mixed habeas petition can elect to abandon his unexhausted claims, and proceed with an amended petition that includes only his fully exhausted claims.  Jackson v. Domire, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); Victor v. Hopkins, 90 F.3d 276, 282 (8th Cir. 1996), cert. denied, 519 U.S. 1153 (1997).  If Petitioner wants to exercise that option here, he should file an entirely new amended petition that includes only his fully exhausted claims, and he should do so before the deadline for filing objections to this Report and Recommendation.  If Petitioner does not file such an amended petition before that deadline, it is the Court's recommendation that Petitioner be deemed to have waived the option to amend, and that the action then be summarily dismissed without prejudice.  Petitioner should note that if he does file an amended petition that includes only his fully exhausted claims, he probably will be barred from raising any other claims in any future (successive) federal habeas petition. See 28 U.S.C. § 2244(b)(2).

## III.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

---

Petitioner's direct appeal).  However, the one-year limitations period did not begin to run until Petitioner's conviction became final on direct appeal, and that did not occur, (for purposes of the federal statute of limitations), until the expiration of the deadline for seeking certiorari review in the United States Supreme Court.  Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999).  Furthermore, the statute of limitations is tolled during the entire time that a properly filed post-conviction motion is pending in the state courts, (including the state appellate courts).  28 U.S.C. § 2244(d)(2); Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).  Therefore, it should be possible for Petitioner to raise his unexhausted claims in a state post-conviction motion, and still file a timely federal habeas corpus petition thereafter, (if necessary).  However, if Petitioner elects to follow that course of action, he will have to proceed expeditiously, and be constantly mindful of the § 2244(d) statute of limitations.

Petitioner's application for a writ of habeas corpus, (Docket No. 1), be summarily

**DISMISSED WITHOUT PREJUDICE**, unless, before the deadline for filing objections to this

Report and Recommendation, Petitioner files an entirely new amended habeas corpus

petition listing only fully exhausted claims.

DATED: April _14_, 2008

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 1, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.