UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KEITH HAPANA CROW,<br><br>Petitioner,<br><br>v.<br><br>MIKE HATCH,<br><br>Respondent. | Case No. 08-1039 (PJS/FLN)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING WITHOUT PREJUDICE 28 U.S.C. § 2254 PETITION |

Keith Hapana Crow, petitioner pro se.

Peter R. Marker, MINNESOTA ATTORNEY GENERAL'S OFFICE, for respondent.

Petitioner Keith Crow was convicted and sentenced in Minnesota state court for aiding and abetting first-degree murder in the course of a kidnaping. Crow filed his present petition for habeas corpus pursuant to 28 U.S.C. § 2254 on April 11, 2008. This matter is before the Court on Crow's response to the April 15, 2008 Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel. Judge Noel recommends dismissing Crow's § 2254 petition without prejudice because it contains at least one unexhausted claim. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Crow does not dispute that his petition contains at least one unexhausted claim. Instead, Crow states that he is having a hard time figuring out how to exhaust his claims because he was transferred to a prison in Connecticut and thus far none of the agencies from which he has sought assistance have been able to help him. In light of this difficulty, Crow asks that the Court either (1) stay his federal habeas case while he attempts to exhaust his claims in state court; (2) order

the respondent to provide legal assistance to him; (3) transfer the unexhausted claims to the appropriate Minnesota state court; or (4) excuse him from the exhaustion requirement.

The Court does not have authority to order the respondent to provide legal assistance to Crow or to transfer Crow's case to state court. *See McLaughlin v. Arco Polymers, Inc.*, 721 F.2d 426, 428-29 (3d Cir. 1983) (28 U.S.C. § 1631 does not provide for the transfer of a federal action to a state court). With respect to Crow's request that the Court excuse him from the exhaustion requirement, Crow cites no authority that would permit the Court to grant his request, and furthermore the Court has already granted Crow a thirty-day extension in which to consider whether to file an amended petition listing only fully exhausted claims. *See* Docket No. 6.

That leaves Crow's request for a stay. The Court notes that the Minnesota Supreme Court affirmed Crow's conviction and sentence on April 19, 2007. *See State v. Crow*, 730 N.W.2d 272 (Minn. 2007). The one-year statute of limitations applicable to his federal habeas claims did not begin to run until the expiration of the ninety-day deadline for seeking certiorari review in the United States Supreme Court. *See Riddle v. Kemna*, 523 F.3d 850, 855-56 (8th Cir. 2008) (en banc). It appears to the Court, therefore, that Crow still has approximately six weeks left before his federal habeas claims are time-barred. That should be enough time for Crow to file a petition for state post-conviction relief under Minn. Stat. §§ 590.01 et seq., which is what it appears Crow has been attempting to do. His attempts have apparently been frustrated, though, by his inability to obtain forms for filing such a petition.

The Court is unaware of any forms that petitioners may use to file petitions for post-conviction relief in Minnesota state court, and thus it appears that Crow will have to create his own petition without the benefit of a form. The statutes governing such petitions state that:

> a person convicted of a crime, who claims that:
>
> (1) the conviction obtained or the sentence or other disposition made violated the person's rights under the Constitution or laws of the United States or of the state . . .
>
> may commence a proceeding to secure relief by filing a petition in the district court in the county in which the conviction was had to vacate and set aside the judgment and to discharge the petitioner or to resentence the petitioner or grant a new trial or correct the sentence or make other disposition as may be appropriate.

Minn. Stat. § 590.01, subd. 1. The statutes also describe what the petition should contain:

> Subdivision 1. Petition. The petition filed in the district court pursuant to section 590.01 shall be entitled in the name of the petitioner versus the state of Minnesota and shall contain:
>
>> (1) a statement of the facts and the grounds upon which the petition is based and the relief desired. All grounds for relief must be stated in the petition or any amendment thereof unless they could not reasonably have been set forth therein. It shall not contain argument or citation of authorities;
>>
>> (2) an identification of the proceedings in which the petitioner was convicted including the date of the entry of judgment and sentence or other disposition complained of;
>>
>> (3) an identification of any previous proceeding, together with the grounds therein asserted taken on behalf of the petitioner to secure relief from the conviction and sentence or other disposition;
>>
>> (4) the name and address of any attorney representing the petitioner. In the event the petitioner is without counsel, the court administrator shall forthwith transmit a copy of the petition to the state public defender and shall advise the petitioner of such referral.
>
> Subd. 2. Costs. The filing of the petition and any document subsequent thereto and all proceedings thereon shall be without costs or any fees charged to the petitioner.

> Subd. 3.  Filing.  When a petition is filed pursuant to section 590.01 it shall be filed with an original and three copies, each verified by the petitioner or signed by the petitioner's attorney.  It shall be addressed to the district court of the judicial district in the county where the conviction took place.

Minn. Stat. § 590.02.  If this procedure is indeed what Crow seeks to invoke, he should have little difficulty doing so before his federal claims are time-barred.  Further, the Court notes that the time during which a properly filed application for state post-conviction relief is pending in state court does not count toward the one-year statute of limitations applicable to a petitioner's federal habeas claims.  28 U.S.C. § 2244(d)(2).  Given that it appears that Crow still has about six weeks to begin a state post-conviction proceeding before his federal claims are time-barred, the Court does not believe that a stay is warranted.  *Cf. Rhines v. Weber*, 544 U.S. 269, 277 (2005) (district courts should only stay federal habeas actions while petitioners return to state court in limited circumstances).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court ADOPTS Judge Noel's April 15, 2008 Report and Recommendation [Docket No. 4].  IT IS HEREBY ORDERED THAT petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Docket No. 1] is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  May 30, 2008             s/Patrick J. Schiltz
                                 Patrick J. Schiltz
                                 United States District Judge